Erika A. Heath (SBN 304683)
erika@duckworthpeters.com
DUCKWORTH & PETERS, LLP
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:   (415) 433-0333

*Attorney for Plaintiff and the Proposed Classes*

Additional Counsel listed on signature page

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MONTANEZ, on behalf of himself and all others similarly situated,<br><br>Plaintiff(s),<br><br>v.<br><br>CHECKR, INC.,<br><br>Defendant. | Case No. 3:19-cv-7776<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**FAIR CREDIT REPORTING ACT** |

## PRELIMINARY STATEMENT

1. Plaintiff Jose Montanez served twenty-two years in prison for a murder that he did not commit, before his conviction was overturned on appeal and he was formally granted a certificate of innocence by the Cook County, Illinois criminal courts.

2. When Plaintiff applied to be an Uber driver in September of 2018, nearly two years after he was formally declared to be innocent, Defendant Checkr, Inc. ("Checkr" or "Defendant") sold a background report about him which inaccurately reported that he had plead guilty to murder and that the disposition of the case was a conviction.

3. Over 2,500 individuals nationwide have been formally exonerated of criminal convictions since 1989. Like Mr. Montanez, many of these individuals continue to be haunted by their wrongful convictions as they move on with their lives and seek employment, because Defendant continues to improperly report records of convictions on background reports for employment purposes, despite the fact that publicly available court records clearly demonstrate their innocence.

4. Plaintiff now individually and on behalf of all others similarly situated, files this Class Action Complaint against Checkr under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq.*, brought on behalf of others affected by Checkr's procedures for reporting records of convictions even after such convictions have been overturned and the persons who are the subjects of the reports have been declared innocent.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

6. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b). Pursuant to L.R. 3-2(c)-(d), this case should be assigned to the San Francisco Division of this Court because a substantial part of the events or omissions which gave rise to the lawsuit occurred in San Francisco County.

## PARTIES

7. Plaintiff Jose Montanez is an adult individual who resides in Chicago, Illinois.

8. Defendant Checkr is a consumer reporting agency that regularly conducts business in the State of California and which has a principal place of business in San Francisco, California.

**FACTUAL ALLEGATIONS**

*Checkr's Operations as a Consumer Reporting Agency*

9. The Fair Credit Reporting Act ("FCRA") regulates the use of "consumer reports" for employment purposes, commonly called "background reports."

10. Among other things, Checkr sells consumer reports to employers who wish to screen job applicants.

11. Checkr is a "consumer reporting agency" ("CRA") as defined by the FCRA, and its reports are "consumer reports."

12. The FCRA requires CRAs such as Checkr to follow reasonable procedures to assure the maximum possible accuracy of the information included on consumer reports. 15 U.S.C. § 1681e(b).

13. The FCRA further prohibits CRAs from reporting adverse criminal record information, other than a record of a conviction, that antedates the report by more than seven years. 15 U.S.C. § 1681c(a)(5).

14. Some of the consumer reports Checkr sells to employers contain information regarding a job applicant's criminal arrest and conviction history.

15. CRAs such as Checkr deal in volume and use standardized procedures to gather information and place it on reports about individuals. They do not "reinvent the wheel" by using unique practices with respect to each different report.

16. Checkr routinely, and as a matter of policy and practice, intentionally, recklessly, and willfully includes records of criminal convictions despite being aware that the conviction has been vacated, dismissed, or otherwise overturned and the individual declared legally innocent

17. Checkr's practices cause substantial harm to consumers who have been legally exonerated by prejudicing their employers and prospective employers with misleading and adverse criminal record information.

*Exonerated Individuals*

18. According to data maintained by the National Registry of Exonerations, over 2,500 individuals have been declared legally innocent of prior convictions since 1989, including Plaintiff. *See* http://www.law.umich.edu/special/exoneration/Pages/mission.aspx

19. Furthermore, there are over forty (40) organizations across the country actively working to identify and assist individuals who were subject to false convictions.

*The Experience of Plaintiff Jose Montanez*

20. Plaintiff was charged with murder and attempted armed robbery in connection with an incident which occurred in July of 1993.

21. Plaintiff maintained that he had no connection to the event and was innocent of all charges. He plead not guilty and the case went to trial.

22. Plaintiff was nonetheless found guilty in the Circuit Court of Cook County, Illinois on October 21, 1994.

23. He appealed the conviction from prison, and twenty-two years later, on July 20, 2016, the conviction was vacated and all charges against him were dismissed.

24. On November 2, 2016, the court ordered that he "is innocent of the offenses charged" and issued a formal Certificate of Innocence.

25. Plaintiff was released from prison and he began trying to rebuild his life, including seeking employment.

26. On or about September 25, 2018, Plaintiff applied to work as an Uber driver.

27. In connection with his application, Plaintiff consented to a background check.

28. On or about September 25, 2018, Checkr prepared and sold to Uber a consumer report about Plaintiff.

29. Checkr reported to Uber that the "Plea" associated with the 1993 murder charge was "Guilty" and that the "Disposition" of the case was "Convicted."

30. This reporting was inaccurate, because Plaintiff never pleaded guilty, and because the true disposition was the dismissal of all charges and that Plaintiff was declared innocent.

31. Checkr was well aware of the true disposition of the case, because it included in the "sentencing notes" on the face of the report that the conviction had been vacated and that the "FINAL ORDER" in the case was "ALL COUNTS-NOLLE PROSSED."

32. Checkr's continuing inclusion of this wrongful conviction on its report about Plaintiff was inaccurate and materially misleading.

33. The true final disposition of the 1993 charges as shown in the public record was the dismissal of all charges.

34. The 1993 charges antedated the report by twenty-five years and were subject to the mandatory exclusion set forth in FCRA section 1681c(a)(5).

35. Plaintiff was shocked and distressed by the appearance of the misleading and outdated information on the Checkr report – he believed that the wrongful conviction was behind him and that he had cleared his name.

36. On October 1, 2018, Uber sent Plaintiff a copy of the September 25, 2018 Checkr report and "[t]he specific records that may disqualify you" from driving for Uber are:"

- CHARGE: MURDER (DISPOSITION: CONVICTED) 03/03/1995
- CHARGE: MURDER (DISPOSITION: CONVICTED) 03/03/1995
- CHARGE: MURDER (DISPOSITION: CONVICTED) 03/03/1995

37. As a result of Checkr's conduct, Plaintiff suffered damages, including without limitation and by example only: loss of employment opportunity, damage to reputation, embarrassment, humiliation, and other emotional and mental distress.

## CLASS ACTION ALLEGATIONS

38. Plaintiff brings this action on behalf of the following Classes of consumers:

(a) All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of a consumer report prepared by Defendant which included one or more items of criminal record information, for which Defendant identified the "Disposition" as "Conviction" and simultaneously included additional information on the report demonstrating that the conviction had been reversed, set aside, vacated, dismissed, nolle prossed, or otherwise overturned.

    (b) All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the conclusion of this action, were the subject of a consumer report prepared by Defendant which included one or more items of criminal record information, for which Defendant identified the "Disposition" as "Conviction," but who at the time of the report had been determined to be legally innocent of the reported charge.

    (c) All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of a consumer report prepared by Defendant which included one or more items of criminal record information which included any adverse information with a date more than seven years prior to the date of the report, for which Defendant identified the "Disposition" as "Conviction" and simultaneously included additional information on the report demonstrating that the conviction had been reversed, set aside, vacated, dismissed, nolle prossed, or otherwise overturned.

    (d) All natural persons residing within the United States and its Territories who, beginning two (2) years prior to the filing of this Complaint and continuing through the conclusion of this action, were the subject of a consumer report prepared by Defendant which included one or more items of criminal record information which included any adverse information with a date more than seven years prior to the date of the report, for which Defendant identified the "Disposition" as "Conviction" but who at the time of the report had been determined to be legally innocent of the reported charge.

39. The Classes are so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendant, Plaintiff avers upon information and belief that the Classes minimally number in the hundreds.

40. There are questions of law and fact common to the Classes that predominate over any questions affecting only individual Class members. The principal questions concern whether the Defendant willfully and/or negligently violated the FCRA by failing to follow reasonable procedures to assure the maximum possible accuracy of the information contained in consumers' files with respect criminal convictions which have been reversed, set aside, vacated, dismissed, or otherwise overturned, or where the subject of the report has been determined to be legally innocent.

41. Plaintiff's claims are typical of the claims of the Classes, which all arise from the same operative facts and are based on the same legal theories.

42. Plaintiff will fairly and adequately protect the interests of the Classes. Plaintiff is committed to vigorously litigating this matter. Further, Plaintiff has secured counsel who are very experienced in handling consumer class actions. Neither Plaintiff nor his counsel has any interests which might cause them not to vigorously pursue this claim.

43. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Classes, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

44. Whether Defendant violated the FCRA can be easily determined by Defendant's policies and a ministerial inspection of Defendant's business records.

45. A class action is a superior method for the fair and efficient adjudication of this controversy. Management of the Classes' claims is likely to present significantly fewer difficulties than those presented in many individual claims. The identities of the Class members may be derived from Defendant's records.

## CLAIMS

### FIRST CAUSE OF ACTION – VIOLATION OF FCRA § 1681e(b) (CLASS)

46. Plaintiff incorporates all paragraphs as though the same were set forth at length herein.

47. Pursuant to section 1681n and 1681o of the FCRA, Defendant is liable for willfully and negligently failing to follow reasonable procedures to assure maximum possible accuracy of the consumer reports that is sold, in violation of 15 U.S.C. § 1681e(b).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Classes under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff

and his counsel to represent the Classes; that judgment be entered for Plaintiff and the Classes against Defendant for statutory, actual, and punitive damages for violation of 15 U.S.C. §1681e(b), pursuant to 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n and 1681o; and that the Court grant such other and further relief as may be just and proper.

### SECOND CAUSE OF ACTION – VIOLATION OF FCRA § 1681c(a)(5) (CLASS)

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. Pursuant to sections 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully making a consumer report containing adverse criminal record information other than a record of a conviction which antedated the report by more than seven years, in violation of FCRA section 1681c(a)(5).

WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual, and punitive 15 U.S.C. §§ 1681n and 1681o; that the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681(o); that the Court award such other and further relief as may be necessary, just, and proper.

### THIRD CAUSE OF ACTION – VIOLATION OF FCRA § 1681e(a)

50. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

51. Pursuant to 1681n and 1681o of the FCRA, Defendant is liable for negligently and willfully failing to maintain reasonable procedures designed to avoid violations of Section 1681c of the FCRA.

52. WHEREFORE, Plaintiff respectfully prays that an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and his counsel to represent the Class; that judgment be entered for Plaintiff and the Class against Defendant for statutory, actual, and punitive 15 U.S.C. §§ 1681n and 1681o; that

the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681(o); that the Court award such other and further relief as may be necessary, just, and proper

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the Classes, and/or the general public, prays for judgment against Defendant as follows:

- An order certifying this action as a Plaintiff class action under Rule 23 of the Federal Rules of Civil Procedure as set forth herein;
- For an award of statutory and/or actual damages under the FCRA;
- For punitive and exemplary damages; and as to counts for which they are available under the applicable law in such amount as the Court deems just and proper;
- For reasonable attorneys' fees and costs of investigation and litigation under;
- For costs of lawsuit, pre-judgment, and post-judgment interest; and
- Such other and further relief as the Court may deem necessary or appropriate.

Dated: November 26, 2019            Respectfully submitted,

**DUCKWORTH & PETERS, LLP**

*/s/ Erika A. Heath*
Erika A. Heath (SBN 304683)
erika@duckworthpeters.com
369 Pine Street, Suite 410
San Francisco, CA 94104
Tel:    (415) 433-0333

FRANCIS MAILMAN SOUMILAS, P.C.
James A. Francis*
John Soumilas*
Lauren KW Brennan*
1600 Market Street, Suite 2510
Philadelphia, PA 19110
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
lbrennan@consumerlawfirm.com

WEINER & SAND LLC
Jeffrey B. Sand*
800 Battery Ave.
Suite 100
Atlanta, GA 30339
T: 404.205.5029
F: 866.800.1482
E: js@atlantaemployeelawyer.com


* pro hac vice application forthcoming

*Attorneys for Plaintiff and the Proposed Classes*

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues.

Dated: November 26, 2019  **DUCKWORTH & PETERS, LLP**

By: */s/ Erika Heath*
Erika A. Heath
Attorney for Plaintiff and the Proposed Classes